**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE** | : | |
| **COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 05-36 (GK)** |
| | : | |
| **CHARLES JOHNSON, JR.,** *et al.*, | : | |
| | : | |
| **Defendants,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Intervenor.** | : | |

## <u>MEMORANDUM OPINION</u>

The United States of America has moved to intervene in this civil action and has moved for a stay of discovery ("Motion"). The Plaintiff, Securities and Exchange Commission ("SEC" or "Commission"), does not object to the Motion. All Defendants have vigorously opposed both intervention and a stay of discovery, although their pleadings focus primarily on their opposition to the stay of discovery. Upon consideration of the lengthy papers submitted by the parties, the extensive case law cited, and the record in this case, the Court concludes that the Motion to Intervene and for a Temporary Stay of Discovery should be **granted**, but only upon the specific conditions set out in the accompanying Order.

On January 10, 2005, the SEC filed this civil lawsuit against Defendants alleging that they committed fraud by materially and implicitly inflating the amounts and revenue of PurchasePro.com, Inc. ("PurchasePro"). On the very same day, and with coordinated publicity, the Department of

Justice ("DOJ") filed a 31 count indictment against five of the six Defendants in this civil lawsuit, alleging conduct similar to that alleged by the SEC.  The indictment charges a conspiracy to inflate PurchasePro's revenues involving officers at AOL and PurchasePro.  Many of the same transactions are charged in both the civil and criminal cases.  In addition, certain Defendants were charged with lying to auditors in violation of 15 U.S.C. § 78m(b)(1); wire fraud in violation of 18 U.S.C.§§ 1343, 1346, obstruction of justice in violation of 18 U.S.C. § 1512; and false statements in violation of 18 U.S.C. § 1001.

## I.      Intervention is Appropriate Pursuant to Fed. R. Civ. P. 24(a)(2)

It is clear that the Government satisfies the requirements of Fed. R. Civ. P. 24(a)(2).  First, the Motion is timely, given that the Government filed it approximately five weeks after the filing of the present lawsuit.  Second, the DOJ, given its law enforcement responsibilities, has a clear interest in the subject matter of this civil lawsuit and any impact it may have upon prosecution of its criminal case.  Third, the DOJ alleges that its ability to protect the integrity of the prosecution of the criminal case may be impaired or impeded if civil discovery under the Federal Rules of Civil Procedure is allowed to go forward in the normal course of events in this case.  For purposes of considering intervention, the Court concludes that the Government has satisfied this requirement. The issue will be further discussed, _infra_.  Finally, the Court concludes that the parties to this civil action would not adequately represent the specific interest of the DOJ.  Obviously, the Defendants would not represent that interest.  The SEC's overriding statutory responsibility is to ensure enforcement of the securities fraud laws.  As the District Court noted in SEC v. Downe, 1993 WL 22126 at 11 (S.D.N.Y. 1993), "even though the SEC is involved in this action, the United States Attorney may have an interest in this litigation which is qualitatively different from the SEC's

interest.  Moreover, the United States Attorney is better equipped to explain its need for intervention in the instant case due to a parallel criminal investigation, rather than using the SEC as a conduit for such arguments."  Id., 1993 WL 22126 at 12.

Finally, it is fair to say that the Defendants do not vigorously oppose intervention per se, because their real opposition is reserved for the Government's request for a stay of discovery.

## II.    The Government is Entitled, in the Context of This Case, to a Stay of Discovery That is Limited in Both Duration and Substance

As noted earlier, the SEC and DOJ coordinated the filing of these two cases on January 10, 2005.  The criminal case was filed in the Eastern District of Virginia, Alexandria Division, and was assigned to the Honorable Walter D. Kelley, Jr.  On March 4, 2005, Judge Kelley set the trial date in his case, which he described as "an extraordinarily complex case that involves hundreds of sophisticated financial transactions and will require a substantial volume of evidence," for August 15, 2005.  Since that time, in part because of the complexity of the case and difficulty of completing discovery, Judge Kelley was forced to continue the August 15, 2005 trial date indefinitely.  He has scheduled a status conference for December 2005, at which he will set the 2006 trial date. Defendants have represented in their July 8, 2005 Notice of Action in Related Case, filed herein, that because of scheduling conflicts among Defendants' counsel, the earliest opportunity for a trial in the criminal case would be the summer of 2006.

Initially, in its opening memorandum of law, the Government requested a broad and unlimited stay of discovery because "[p]ermitting civil discovery to go forward prior to the conclusion of the criminal trial would allow the Defendants to evade the criminal discovery rules that have been designed to ensure the integrity and fairness of the criminal prosecution. . . .  Without a limited stay of discovery, the pending criminal prosecution could be prejudiced.  Thus, the public

interest in law enforcement requires that the requested stay be granted." Government Memorandum of Law, p. 2. In its Reply, the Government took a far narrower position and conceded that its real concerns centered on three specific categories of evidence: production by the SEC of approximately 32 confidential FBI "302" reports of Special Agents; the production by the SEC of approximately 15 transcripts of prior sworn testimony taken by the SEC during its investigation; and most importantly in the Government's view, the taking of depositions by the Defendants of witnesses who they anticipate will be called to testify at the criminal trial sometime in 2006. As to paper discovery, Judge Kelley's Order of June 29, 2005, indicates that an enormous number of documents have been exchanged.[1]

It is clear from the numerous cases cited by the Government that federal courts have for many years exercised their discretion to stay civil discovery pending the outcome of a parallel criminal proceeding because "the Government's interest in preserving the secrecy of [an] ongoing criminal investigation outweighs the [defendant's] need for . . . information [through civil discovery]." Founding Church of Scientology of Washington, D.C., Inc. v. Kelley, 77 F.R.D. 378, 381 (D.D.C. 1977). In language that is particularly appropriate to the present case, our Court of Appeals noted in Securities & Exchange Commission v. Dresser Industries, Inc., 628 F.2d 1368, 1375-76 (D.C. Cir.), cert. denied, 449 U.S. 993 (1980), that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." That is precisely the situation presented in this case. Moreover, both the DOJ and the SEC have

---

[1]    Judge Kelley noted that over five million pages of documents in both electronic and hard copy format have been produced by the Government to the Defendants in the criminal trial.

demonstrated their willingness to accommodate the discovery needs of the Defendants, in both the criminal and civil cases, by providing massive amounts of document discovery and third party discovery.

What the DOJ and the SEC object to providing are the "302" Reports, the transcripts of prior sworn testimony, and depositions of those who may testify for the Government in the criminal case, because of their fear that the integrity of the criminal proceeding will be undermined. The legitimacy of that concern has long been recognized in case law and has been acknowledged by staying the related civil procedure when there are parallel civil and criminal cases.

Defendants do cite several cases in which either stays of the type sought here have been denied or judges have voiced great concern about the simultaneous filing of civil and criminal cases when there is no good faith intention of proceeding with the civil case. However, those cases are distinguishable from the present situation. Here, there is nothing to suggest that the SEC does not plan to proceed with the civil case and indeed has been providing limited discovery to the Defendants. Moreover, the Government is correct that even with the delayed trial date in the criminal case, completion of that trial will undoubtedly occur long before conclusion of the trial in this civil case. By the time the criminal case is concluded and what is expected to be lengthy testimony has been taken in open court, all parties may have a very different view of what issues should predominate in the civil trial, and what witnesses and documents will be most convincing to a jury.

Defendants argue vigorously that any stay of discovery in the civil case merely lengthens the period of time during which they will be severely prejudiced in their abilities to obtain employment, support themselves and their families, and remove the stain on their reputations. That argument,

while appealing, is simply not realistic.  As a practical matter, it is the outcome of the criminal trial which is far more likely to have a decisive impact on Defendants' reputations and their abilities to support themselves and their families.  Given the fact that the civil trial cannot possibly conclude prior to the criminal trial, the Court does not find that a stay of civil discovery, under the conditions which will be imposed, will prejudice the Defendants in this case.  What the Court does find is that to deny the stay sought will prejudice the Government in its prosecution of the criminal case since Defendants would have the enormous benefits of far-ranging civil discovery to which they would not be normally entitled under Federal Rules of Criminal Evidence.

In <u>SEC v. Beacon Hill Asset Management, L.L.C.</u>, 2000 WL 554618 (S.D.N.Y. 2002), the Court imposed certain conditions upon imposition of the stay which this Court also deem appropriate.  In addition, because the length of delay in the criminal trial may well effect the conditions of the stay, the Court will also set a time limit to the stay.

For the foregoing reasons, the Court **grants** the Motion to Intervene and for a Temporary Stay of Discovery upon the conditions set forth in the accompanying Order.


July 18, 2005                                          /s/

                                                    Gladys Kessler
                                                    United States District Judge