UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-36 (GK) |
| | : | |
| CHARLES JOHNSON, JR., *et al.*, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Intervenor. | : | |

## MEMORANDUM OPINION

Upon consideration of Defendant Benyo's Motion to Compel, the Opposition of the Securities & Exchange Commission ("SEC"), and Benyo's Reply, the Court concludes that the Motion should be denied for the following reasons:

1.  A number of issues raised in Benyo's Motion to Compel are specifically addressed in the Court's ruling on the Motion of the Department of Justice ("DOJ") to Intervene and for a Temporary Stay of Discovery.

2.  While the SEC overstates the case somewhat, it is correct that the failure of all counsel to engage in a comprehensive and meaningful meet and confer session, pursuant to LCvR 7(m), has indeed created the appearance of disputes which do not seem to really exist. Moreover, that failure has also created substantial additional work for the Court in poring through the lengthy briefs submitted by counsel. There is no question that the SEC has agreed to produce a large

percentage of the documents which Benyo seeks, such as, 12 compact disks with thousands of pages of electronic or electronically imaged documents. Benyo seriously misstates the facts when he asserts that the SEC "declined to produce all third-party documents provided to or received by the Department of Justice ("DOJ")." Benyo Mem., pp. 1-2. The SEC denies refusing to produce whatever documents may have been produced by third-parties to DOJ which DOJ then produced to the SEC.

The Court is quite concerned about the escalating rhetoric in this case which has only barely begun. Counsel are admonished now, at this early point, that civility and cooperativeness is of the utmost importance to their clients, to the Court, and to the goal of reaching a trial on the merits at the earliest possible date.

3. Benyo requests documents related to provisions of the AOL Deferred Prosecution Agreement and an associated Confidentiality Agreement. The SEC states that it "believes that it does not even have a copy of" the Confidentiality Agreement. SEC Mem., p.15. It does not make such representations about the Deferred Prosecution Agreement, although it claims in footnote 11 that Benyo himself has a copy of it and attached it to his Memorandum. Assuming that these statements are true, the SEC is correct that it does not have to produce any document which is not within its own custody and it does not have to produce documents which are publicly available on the internet or in the custody of Defendant Benyo.

4. Benyo also requests documents regarding the settlement negotiations between the SEC, AOL and PurchasePro regarding the subject matter of this case. The Court is denying this request at this early time, without prejudice. While it is very doubtful that Benyo is entitled to these documents, he may be able to make a more specific and fact-based argument as discovery proceeds.

5.    There is no question that Benyo's request for any and all documents relating to trade in PurchasePro securities by anyone is overbroad and, therefore, not acceptable under Fed. R. Civ. P. 26(b)(1).[1]

6.    As to documents for which privilege is being claimed by the SEC, a privilege log is being prepared and shall be completed by September 1, 2005.

7.    Defendant Benyo complains that the SEC refuses to produce documents obtained or provided by the DOJ and other governmental entities based upon its claim that these other entities are not "third parties" to the SEC.  Now that the DOJ has received permission to intervene as a third party, it is perfectly clear that Benyo is correct that the SEC cannot unilaterally decide to withhold relevant document discovery based upon the rationale that the DOJ is not a third party.  By the same token, now that the DOJ is a third party in this lawsuit and has raised the same substantive arguments that the SEC has raised for withholding certain documents, such as the 302s, any logical weakness in the SEC's position is as a practical matter of no significance.

July 18, 2005                                  /s/
                                               Gladys Kessler
                                               United States District Judge

---

[1]    On this issue, the SEC Memorandum refers, at p. 17, to "Johnson's request #27." The Court will assume that this is a mistake, and that the sentence refers to Benyo's request #27.