**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | : | |
| COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-36 (GK) |
| | : | |
| CHARLES JOHNSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

The Securities and Exchange Commission ("SEC" or "the Commission") has filed a Motion
to permit certain depositions to exceed seven hours, to conduct more than 10 depositions, and for
expedited consideration of the Motion.  Since briefing on the Motion was not completed until the
Government's final submission on July 11, 2007, and the Court is ruling on this day, July 13, 2007,
the Plaintiff's request for expedited consideration is being **granted**.  Upon consideration of the
extensive briefings submitted by all parties, the Court concludes that the Commission's requests for
additional depositions and for additional time for its depositions is **denied**.

1.      After several years of investigation, the Department of Justice and the SEC, with
considerable public fanfare, announced on January 10, 2005, that the Department of Justice was
filing criminal charges against these Defendants and the Commission was filing a major civil
lawsuit.  The announcement was joint and coordinated between these two arms of the United States
Government.

2.      At the request of the Department of Justice and with the consent of the SEC, and over
the vigorous objection of the Defendants herein, the Court on July 18, 2005, stayed this civil case

until completion of the criminal cases.  Since that time, Defendants Benyo, Wakeford, and Tuli have been acquitted of all criminal charges at a jury trial, and Defendant Kennedy has been acquitted of all criminal charges at a bench trial.  Because Defendant Johnson has not yet gone to trial on his criminal charges, the civil case remains stayed as to him.  At a Status Conference on March 13, 2007, the discovery stay was lifted, trial was scheduled to begin on October 15, 2007, and the parties were ordered to submit memoranda setting forth their proposals as to the discovery schedule in this case.  Defendants made it very clear at that Status Conference that their interest lay in obtaining the earliest possible trial date because of the enormous harm they have suffered financially, emotionally, and to their reputations from the criminal proceedings and the civil lawsuit.

3.     Pursuant to the Court's Order, the SEC submitted a memorandum requesting over six months of discovery, and asked the Court to move the trial date back over four months, to late February or March, 2008.  The SEC's request was, in large part, granted, over the strong objections of all Defendants, and the Court moved the trial date which had been set for October 15, 2007, to the current date of February 11, 2008.  The trial date was moved and changes were made in the discovery schedule solely to accommodate the pleas of the Commission that it could not possibly comply with the deadlines set in the original Scheduling Order of March 13, 2007.

4.     Despite having prevailed in its request to continue the trial date, a mere 18 days later, on May 25, 2007, the SEC filed the present Motion to allow it to conduct more than the 10 depositions provided for under the Federal Rules and to permit most of those depositions to exceed the seven hours provided for under the Federal Rules.

5.     Given the practical implications of the SEC's Motion, it is in effect a renewed motion to further continue the trial date.  The SEC's pleas for more time and more witnesses fall on deaf

ears, because, once again, the SEC's problems are of its own making as this Court noted in its Order of July 10, 2007.

6.      It is particularly telling that since March 13, 2007, when the discovery stay was lifted, the SEC has taken <u>only</u> two depositions.  Moreover, the SEC has taken the totally unreasonable position that all of those depositions can be taken by <u>only</u> one lawyer, namely, David Gottesman, because he is the only lawyer who attended every single day of the criminal trials in the Eastern District of Virginia.  Finally, the Commission has taken the position that Mr. Gottesman is totally unavailable for approximately one-half of the working business days available to take such depositions (24 days in June and July).  In short, the SEC has imposed restrictions of its own making that make it virtually impossible for its discovery to be completed by the July 30, 2007 deadline in the Scheduling Order of May 7, 2007.  The Court is simply not going to be forced into continuing this trial date because of the inability or refusal of the SEC to properly staff and litigate the case.

7.      When the Commission brought this case in 2005, at the same time that the Department of Justice filed its criminal case, it had good reason to anticipate that the civil case would be stayed pending completion of the criminal proceedings.  The SEC has had the advantage of an extensive investigation it had conducted for several years prior to the filing of this lawsuit, of sitting through five months of the two criminal trials, and of obtaining statements and depositions from many witnesses.  What is more, it knew that when the stay was lifted, it was going to have to be ready to proceed with this case and to staff it appropriately.  It has failed to do so.  Given the resources of the SEC and the number of lawyers it employs, its position is simply unacceptable that only one of those many attorneys would be available to handle the necessary depositions.  To add fuel to the fire, that attorney is not even available approximately one-half of the business days which

remain before completion of fact discovery.  Finally, the SEC has simply wasted most of the past three and one-half months since it has taken only two depositions in that period of time.[1]

8.      The Commission claims in its combined reply to Defendants' Oppositions that its "request for relief is modest."  Pl. Reply at 2.  That statement is patently disingenuous.  If the Commission's request for additional depositions and additional time for depositions is granted, there is no question that the trial date could not be met.  The SEC's Motion is simply a renewed effort to convince this Court to again delay the trial date at its behest.  That will not happen.[2]

10.     Given the SEC's failure to fully utilize the period of time since the lifting of the stay for depositions, it is apparent that it has not seriously attempted to comply with the Court's Scheduling Order.  Rather, the SEC has simply fought it and ignored it instead of meeting its requirements.

11.     The SEC claims in its reply that failure to afford the relief "would be a gross denial of justice."  Pl. Reply at 15.  That statement also is simply untrue.  Given the enormous amount of pre-investigation work that the SEC did, given the fact that the SEC counsel attended every day of the criminal trials, and given the fact that the SEC has received some information (although it is not clear how much) from the Department of Justice, it is just plain wrong to assert that denial of its

---

[1]      The SEC has described other substantial time-consuming work it has performed on this case in the interim.  That may well be the case.  However, as all experienced litigators know, complex civil litigation proceeds on several tracks at once, including both written discovery and oral depositions.

[2]      The SEC has proposed as an alternative to its request for more depositions, a limitation on trial witnesses.  Such a limitation at this point would be totally inappropriate.  It may well be that when we reach the pretrial conference that limitations will be imposed, but it is far too early to take such a step now.  While the SEC complains that it needs additional depositions because the Defendants in their Rule 26(a) disclosures have listed a large number of individuals, Defendants have at no time suggested that they will call all or any of those individuals identified.

request would be "a gross denial of justice."  It is time for the SEC to get to work, start working

cooperatively and reasonably with defense counsel,[3] stop running to the Court over every minor

discovery disagreement, and do its job to get ready for trial.[4]


July 13, 2007                                      /s/_____
                                                   Gladys Kessler
                                                   United States District Judge


**Copies via ECF to all counsel of record**

_____

[3]        The submissions of counsel make it clear that SEC counsel has been rigid, inflexible, and uncooperative in dealing with defense counsel who, each at different times, have on numerous occasions offered alternative discovery arrangements.  If counsel can not be more accommodating, the Commission will only jeopardize its position in this litigation.

[4]        The Court will allow the parties until August 30, 2007, an additional 30 days, to complete fact discovery, which will proceed concurrently with expert witness discovery.