**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SECURITIES & EXCHANGE COMMISSION,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 05-36 (GK) |
| : | |
| **CHARLES JOHNSON, JR.,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## ORDER

Before the Court is Plaintiff Securities & Exchange Commission's Motion for Summary Judgment. Upon consideration of the Motion, the entire record in this case, the applicable case law, and as stated in the accompanying Memorandum Opinion, it is this ___ day of September, 2009, hereby

**ORDERED**, that Plaintiff's Motion for Summary Judgment is **granted**; and it is further

**ORDERED,** that Johnson and Johnson's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, and from aiding and abetting any violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 U.S.C. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    1.    to employ any device, scheme, or artifice to defraud;

2. to make any untrue statements of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; and it is further

**ORDERED**, that Johnson and Johnson's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce of by use of the mails, directly or indirectly:

1. to employ any device, scheme, or artifice to defraud;

2. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser; and it is further

**ORDERED,** that Johnson and Johnson's agents, servants, employees, attorneys, and all persons in active concert of participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly:

1. violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], and Rule 13b2-1 [17 C.F.R. §240.13b2-1], by knowingly circumventing or knowingly failing to implement

any system of internal accounting controls, or knowingly falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)], or

  2. violating Rule 13b2-2 [17 C.F.R. § 240.13b2-2] promulgated under the Exchange Act, by, while an officer or director of an issuer:

    a. making or causing to be made a materially false or misleading statement, or

    b. omitting to state, or cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading,

to an accountant in connection with (1) any audit or examination of the financial statements of an issuer subject to Rule 13b2-2 [17 C.F.R. § 240.13b-2] promulgated under the Exchange Act, or (2) the preparation or filing of any report required to be filed with the SEC, as described in Rule 13b2-2; and it is further

  **ORDERED**, that Johnson and Johnson's agents, servants, employees, attorneys, and all persons in active concert or participating with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a), Section 13(b)(2)(A), and Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(a), § 78m(b)(2)(A), and § 78m(b)(2)(B)], and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. § 240.12b-20, 17 C.F.R. § 240.13a-1, and 17 C.F.R. § 240.13a-13] promulgated thereunder, by knowingly providing substantial assistance to an issuer that:

1. fails to file with the SEC the information, documents, and reports required under Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1 and 13a-13 [17 C.F.R. § 240.13a-1 and 17 C.F.R. § 240.13a-13];

2. fails to include in the statements or reports filed with the SEC such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made not misleading, in violation of Rule 12b-20 [17 C.F.R. § 240.12b-20] promulgated under the Exchange Act;

3. fails to make and keep books, records, and accounts, which in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer, in violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; or

4. fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, in violation of Section 13(b)(2)(B)(ii) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)(ii)]; and it is further

**ORDERED**, that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Johnson is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and it is further

**ORDERED**, that Johnson shall pay a civil penalty in the amount of **$3,000,000** pursuant to Section 21(d)(3)(B) of the Securities Exchange Act [15 U.S.C. § 78u(d)(3)(B)], and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Johnson shall make this payment within sixty (60) days

after entry of this Order by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Johnson as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that the payment is made pursuant to this Order. Johnson shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury; and it is further

**ORDERED**, that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order; and it is further

**ORDERED**, that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the Clerk shall enter this Order forthwith and without further notice.

Entered this __ day of September, 2009.

                                       /s/
                                       Gladys Kessler
                                       United States District Judge

**Copies via ECF to all counsel of record**